## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

**UNITED STATES OF AMERICA,**                    **Case No. 1:21-CR-763**

                                        **Plaintiff,**

         **-vs-**

                                        **JUDGE PAMELA A. BARKER**

**MICHAEL A. SMITH,**

                              **Defendant.**        **MEMORANDUM OPINION & ORDER**

This matter is before the Court upon Defendant Michael A. Smith's ("Defendant") Moton to Dismiss filed on January 5, 2023 ("Defendant's Motion").  (Doc. No. 21.)  The United States of America filed a Response in Opposition to Defendant's Motion on January 16, 2023, after having been granted leave to do so by that date ("the Government's Opposition").  (Doc. No. 22.)  Defendant filed a Reply in support of Defendant's Motion on January 27, 2023 ("Defendant's Reply").  (Doc. No. 24.)  Accordingly, Defendant's Motion is ripe for a decision.  For the reasons set forth below, Defendant's Motion is DENIED.

### Background

On October 28, 2021, the grand jury returned a three-count indictment charging Defendant with:  Possession of Firearm by Person with Prior Misdemeanor Domestic Violation Conviction in violation of 18 U.S.C. §§ 922(g)(9) and 924 (a)(2) (Count 1), finding that Defendant had been convicted of Domestic Violence, on or about January 6, 2003, in Case Number 02CRB2582, in Rocky River Municipal Court; and two counts of False Statement During Purchase of a Firearm in violation of 18 U.S.C. §§ 922(a)(6) and 924 (a)(2), on May 27, 2021 (Count 2) and August 13, 2020 (Count 3).  (Doc. No. 3.)

On November 2, 2022, in the Rocky River Municipal Court, Case Number 02CRB2582, Defendant filed a Motion to Dismiss/Amend Offense to a Misdemeanor.  (Defendant's Exhibit 1 attached to Defendant's Motion, Doc. No. 21-1, PageID #s 81-82.)  The Motion to Dismiss was treated as a Motion to Vacate Plea.  (*Id.*)  The Rocky River Municipal Court granted the Motion to Vacate Defendant's 2003 plea, upon finding in relevant part that "the January 6, 2003 Rocky River Journal Entry indicates a waiver of right to counsel for sentencing but is silent as it relates to a waiver of counsel at the plea."  (*Id.*)  The charge of Domestic Violence was amended to Disorderly Conduct Persisting in violation of O.R.C. § 2917.11(E)(3)(a), to which Defendant plead no contest, and he was adjudged guilty of that offense.  (*Id.*)

As a preliminary matter, in Defendant's Motion, Defendant seeks dismissal of the Complaint (filed on July 21, 2021), as distinguished from the Indictment, pursuant to Rules 12(b)(6) and 8(a)(2) of the Federal Rules of Civil Procedure.  (Doc. No. 21, PageID #s 76-77.)  As the Government correctly points out, Defendant's citations to and reliance upon these civil rules are improper since pursuant to Fed. R. Crim. P. 1(a)(1), the Federal Rules of Criminal Procedure "govern the procedure in all criminal proceedings in the United States district courts," to include this criminal matter.  (Doc. No. 22, PageID # 85.)  But, like the Government, the Court construes Defendant's argument[1] to be that the Indictment, specifically Count 1,[2] fails to state an offense for which he may be charged, because the predicate offense for purposes of Section 922(g)(9), i.e., the domestic violence

---

[1] (Doc. No. 21, PageID #s 78-79.)

[2] The Government correctly points out that in Defendant's Motion, Defendant did not challenge Counts 2 and 3 in the Indictment pursuant to 18 U.S.C. § 922(a)(6).  It argues, then, that Defendant's Motion should not be construed as an attempt to dismiss those charges as defective.  (Doc. No. 22, PageID # 88, n.4.)  The Court notes that in Defendant's Reply, Defendant does not respond to the Government's assertion that Defendant has not challenged Counts 2 and 3. Accordingly, the Court construes Defendant's Reply and Defendant's Motion as an attempt or request to dismiss only Count 1 of the Indictment.

conviction, is now missing.  (*Id.*).  In both Defendant's Motion and Defendant's Reply, Defendant sets forth the legal basis for his argument that his conviction for domestic violence was improper because he was not represented by counsel and there is no evidence that he waived his right to counsel at the time of his guilty plea to the charge of domestic violence.  Indeed, Judge Hagan of the Rocky River Municipal agreed with Defendant's argument and vacated the plea of guilty to domestic violence and accepted Defendant's guilty plea to an amended charge of Disorderly Conduct Persisting.  Beyond correctly arguing that Defendant's guilty plea to domestic violence was improper, Defendant merely asserts or "contends," without citation to any authority, "that his initial 'conviction' for misdemeanor domestic violence cannot stand to support a firearm disability." (Doc. No. 24, Page ID # 96.)

In the Government's Opposition, the Government argues that the Indictment adequately states valid claims against Defendant and cites to the Indictment and case law to support its argument.  In Defendant's Reply, Defendant does not address or counter this argument.  The Court finds the Government's argument to be well-taken and finds that the Indictment adequately states valid claims against Defendant.

According to the Government, Defendant's argument that Count 1 must be dismissed because Defendant's 2003 now vacated conviction for domestic violence cannot serve as the predicate offense for the charge of Possession of Firearm by Person with Prior Misdemeanor Domestic Violence Conviction in violation of 18 U.S.C. § 933(g)(9) is misplaced.  The Government argues that Defendant's argument fails because the vacatur occurred years after the criminal conduct alleged in the Indictment occurred.  According to the Government, then, the recent vacatur does not affect

3

whether, at the time of the firearm possession and false statements, Defendant was convicted of domestic violence.  (Doc. No. 22, PageID # 88.)

In support therefore, the Government cites to *Lewis v. United States*, 445 U.S. 55, 55 (1980), where the Supreme Court considered whether the defendant's prior felony conviction, which he claimed was unconstitutional because he did not have legal counsel, could disqualify him from possessing a firearm under 18 U.S.C. § 1202, a predecessor statute of 18 U.S.C. § 922(g),[3] and an "analogous statute to 18 U.S.C. § 922(g)."[4]  The Supreme Court rejected the defendant's argument, holding that:

> The plain meaning of § 1202(a)(1)'s sweeping language proscribing the possession of firearms by any person who 'has been convicted by a court of the United States or of a State … of a felony," is that the fact of a felony conviction imposes firearm disability until the conviction is vacated or the felon is relieved of his disability by some affirmative action.  ***  Moreover, the fact that there are remedies available to a convicted felon-removal of the firearm disability by a qualifying pardon or the Secretary of the Treasury's consent, as specified in the Act, or a challenge to the prior conviction in an appropriate court proceeding suggest that Congress intended that the defendant clear his status *before* obtaining a firearm, thereby fulfilling Congress' purpose to keep firearms away from persons classified as potentially irresponsible and dangerous.

*Id.*, at *Syllabus*.

Indeed, the Government points to the Sixth Circuit's decision in *United States v. Settle*, 394 F.3d 422, 430 (6th Cir. 2005), *judgment vacated on other grounds*, 545 U.S. 1102 (2005), in further support of its position that the "affirmative action", i.e., in this matter the vacatur of Defendant's domestic violence conviction, must occur before obtaining a firearm.  In *Settle*, the Court found that the defendant's argument that the trial court had erred in denying his motion to dismiss the indictment

---

[3] *See* 6th Cir. Jury Instructions, Committee Commentary Instructions 12.01 (describing 18 U.S.C. § 1202 as a "predecessor statute of [18 U.S.C.] § 922(g)").
[4] *United States v. Settle*, 394 F.3d 422, 430 (6th Cir. 2005).

in his federal criminal case on the ground that the district court lacked jurisdiction to enter the judgment of conviction because there was no longer a predicate felony on which to base the alleged 18 U.S.C. § 922(g) violation, was foreclosed "by clear precedent from the Supreme Court and the Sixth Circuit," to include *Lewis*, 445 U.S. at 65, *United States v. Morgan*, 216 F.3d 557, 565-66 (6th Cir. 2000), and *United States v. Olender*, 338 F.3d 629, 636 (6th Cir. 2003).  *Settle*, 394 F.3d at 430. In each of these Sixth Circuit cases, the Court upheld the defendant's conviction, finding that the status of the defendant on the date of possession of a firearm controlled whether or not he had violated the statute, and because each defendant had a felony conviction on the date on which he was found to have unlawful possession of a firearm, and despite a subsequent invalidation of the predicate felony, the conviction was upheld.

So, too, in this matter, Defendant's argument that his now vacated conviction for domestic violence cannot serve as a predicate offense for the 18 U.S.C. § 922(g)(9) offense (or even his 18 U.S.C. § 922(g)(6) offenses which are not the subject of Defendant's Motion)[5] is foreclosed by precedent from the Supreme Court and the Sixth Circuit.  Accordingly, Defendant's Motion is denied.

**IT IS SO ORDERED.**

 *s/Pamela A. Barker*
PAMELA A. BARKER
Date:  February 2, 2023                     U. S. DISTRICT JUDGE

---

[5] *See United States v. Ledbetter,* 787 F.2d 593 (Table), 1986 WL 16225, at *2 (6th Cir. 1986).

5